JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Dianne Morefield, on behalf of herself and all others similarly situated

## DEFENDANTS

NoteWorld, LLC, d/b/a NoteWorld Servicing Center

(b) County of Residence of First Listed Plaintiff    Richmond
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David E. Hudson, Hull Barrett, POB 1564, Augusta, GA 30903, 706.722.4481; Angela McElroy-Magruder, 512 Telfair St., Augusta,

Attorneys (If Known)
Laurel Landon, Kilpatrick Stockton, POB 2043, Augusta, GA 30903, 706.823.4270

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Georgia Debt Adjustment Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE Honorable Susan D. Barrett
DOCKET NUMBER Bankr. Pet.09-11778-SDB

DATE
09/07/2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DIANNE MOREFIELD, on behalf of          )
herself and all others similarly situated,    )
                                        )
      Plaintiff,                      )
                                        )
v.                                      )          Civil Action No.
                                        )
NOTEWORLD, LLC d/b/a                    )
NOTEWORLD SERVICING CENTER,             )
                                        )
          Defendant                )

## CERTIFICATE OF COUNSEL
## REFILED OR RELATED CASES
## S.D. Ga. LR 3.1

     Pursuant to the Local Rules of this Court, I hereby certify that this case relates to

property included in, involves the same issues appearing in, or grows out of the same

transaction involved in a case already pending in the United States Bankruptcy Court for the

Southern District of Georgia, captioned *In re Morefield*, Bankr. Pet. 09-11778-SDB (Bankr.

S.D. Ga.).

     This 7th day of September, 2010.


                            *s/ Laurel Payne Landon*
                            **LAUREL PAYNE LANDON**
                            Georgia State Bar No. 718407
                            706.823.4270 - Direct Dial
                            706.828.4456 - Facsimile
                            llandon@kilpatrickstockton.com

                            **JOSEPH H. HUFF**
                            Georgia State Bar No. 374935
                            706.823.4202 - Direct Dial
                            706.828.4453 - Facsimile
                            jhuff@kilpatrickstockton.com

                            KILPATRICK STOCKTON LLP
                            Post Office Box 2043
                            Augusta, Georgia  30903

*Pro hac vice to be submitted for:*

**C. ALLEN GARRETT JR.**
Georgia Bar No. 286335
**AARON J. ROSS**
Georgia Bar No. 461981

KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
404.815.6500 - Telephone
404.815.6555 - Facsimile
agarrett@kilpatrickstockton.com
aross@kilpatrickstockton.com

*Attorneys for Defendant NoteWorld, LLC
d/b/a NoteWorld Serving Center*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing document upon counsel of record for Plaintiffs, by depositing true and correct copies thereof in the United States mail, first-class postage prepaid, addressed as follows:

> David E. Hudson
> Christopher A. Cosper
> HULL BARRETT, PC
> Post Office Box 1564
> Augusta, Georgia 30903-1564
>
> Angela McElroy-Magruder
> CLAEYS McELROY-MAGRUDER & ASSOCIATES
> 512 Telfair Street
> Augusta, Georgia 30901

This 7th day of September, 2010.

*s/ Laurel Payne Landon*
**LAUREL P. LANDON**
Georgia Bar No. 718407

*Attorney for Defendant NoteWorld, LLC*
*d/b/a NoteWorld Servicing Center*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DIANNE MOREFIELD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NOTEWORLD, LLC d/b/a NOTEWORLD SERVICING CENTER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT NOTEWORLD, LLC'S
## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441, 1446, 1452, and 1453, and Rule 9027 of the Federal Rules of Bankruptcy Procedure, Defendant NoteWorld, LLC d/b/a NoteWorld Servicing Center (hereinafter, "NoteWorld") hereby removes this action from the Superior Court of Richmond County, Georgia, showing as grounds therefore:

1.      NoteWorld is the only named Defendant in the above-captioned action, currently pending as Civil Action No. 2010-RCCV-550 in the Superior Court of Richmond County, Georgia (the "State Court Action").

2.      The Complaint in the State Court Action (the "Complaint") was filed on July 28, 2010.

3.      The Complaint was served on NoteWorld on August 5, 2010.

4.      In accordance with 28 U.S.C. § 1446(b), Fed. R. Civ. P. 6(a), and Fed. R. Bankr. P. 9027(a)(3), NoteWorld is filing this Notice of Removal within 30 days of service of the Complaint.

5.      In accordance with 28 U.S.C. § 1446(a), NoteWorld attaches copies of all process, pleadings, and orders served on it in the State Court Action as Exhibit A.

6.      Promptly after filing this Notice of Removal, NoteWorld will give written notice of the removal to the Plaintiff through her attorneys of record in the State Court Action, as well as to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

7.      This case properly may be removed to this United States District Court pursuant to 28 U.S.C. §§ 1332, 1334, 1441(a), 1452(a), and 1453.  The Superior Court of Richmond County is located within the jurisdiction of the United States District Court for the Southern District of Georgia, Augusta Division.

8.      As set forth below, removal is proper under 28 U.S.C. §§ 1332(d) and 1453 because this case is (a) a class action (b) in which the Plaintiff is a citizen of a state different from Defendant and (c) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

9.      Removal also is proper under 28 U.S.C. §§ 1334(b), 1334(e), and 1452(a) for either or both of the following reasons:  (i) this case arises under title 11, arises in a case under title 11, or is related to a case under title 11, and (ii) this case is the property of the estate of the Plaintiff, over which the United States Bankruptcy Court for the Southern District of Georgia has exclusive jurisdiction.

- 2 -

## Citizenship of the Parties

10.     The Complaint alleges that Plaintiff Dianne Morefield is a citizen of Georgia. Compl. ¶ 2.

11.     The Complaint seeks relief on behalf of a putative class of "[a]ll persons who reside in the State of Georgia from whom NoteWorld accepted, either directly or indirectly or in conjunction with any other company, after July 1, 2003, any charge, fee, contribution, or combination thereof in coordination with any company providing debt settlement or debt adjustment services to said person."  Compl. ¶ 33.

12.     NoteWorld is a Delaware limited liability company with its principal place of business in the State of Washington.  Compl. ¶ 3.  Its sole member, Linda Remsberg, is a citizen of Washington.

13.     Thus, there is diversity of citizenship between the named Plaintiff (as well as the putative class members) (Georgia), on the one hand, and the named Defendant (Delaware and Washington), on the other hand.

## Removal Pursuant to 28 U.S.C. §§ 1332(d) and 1453

14.     Pursuant to 28 U.S.C. §§ 1332(d) and 1453, a "class action" may be removed where "any member of a class of plaintiffs is a citizen of a State different from any defendant" and "the matter in controversy exceeds the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(2).  For purposes of satisfying the $5,000,000 jurisdictional requirement, "the claims of the individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).

15.     The State Court Action is a "class action" in which the named Plaintiff is a citizen of a state different than NoteWorld.  28 U.S.C. § 1332(d)(1)-(2).

US2008 15353763

16.     The amount in controversy exceeds $5,000,000.  The Complaint alleges that NoteWorld engaged in the business of providing "Debt Adjustment" services, as that term is defined in O.C.G.A. § 18-5-1, to the named Plaintiff and other members of the putative class. Compl. ¶¶ 53-54.  The Complaint further alleges (a) that NoteWorld accepted from the named Plaintiff and putative class members a charge, fee, contribution, or combination thereof in an amount in excess of 7.5% of the amount they paid for distribution to their creditors, and (b) that NoteWorld did not disburse to the appropriate creditors all funds received from the named Plaintiff and the putative class members, less any fees authorized by law, within 30 days of receipt of such funds. *Id.* ¶¶ 55-56.

17.     Based on these allegations, Plaintiff purports to allege a claim for "Violation of Georgia's Debt Adjustment Act."  Compl. ¶¶ 52-59.  According to Plaintiff, "due to said violation of the [Georgia Debt Adjustment Act], pursuant to O.C.G.A. § 18-5-4(b)(2), NoteWorld is liable to the named Plaintiff and *each* Plaintiff Class Member, jointly and severally, in an amount equal to the total of all fees, charges, or contributions paid by each Plaintiff to the Defendant, *plus* statutory damages in the amount of $5,000.00." *Id.* ¶ 59 (emphasis added).

18.     NoteWorld disputes Plaintiff's characterization of its business and specifically denies that it is engaged in the business of "Debt adjusting," as that term is defined in O.C.G.A. § 18-5-1.  NoteWorld also denies Plaintiff's remaining allegations and claims, denies that class certification is appropriate, and denies that Plaintiff or the putative class is entitled to any damages whatsoever.

19.     Without prejudice to NoteWorld's defenses in this action, NoteWorld states that, at most, the only Georgia residents who could seek recovery of the $5,000 statutory

- 4 -

penalty are those residents who paid fees to NoteWorld between July 28, 2009 and July 28, 2010, the date the Complaint was filed. *See* O.C.G.A. § 9-3-28 (actions for penalties "shall be commenced within one year from the time the defendant's liability thereto is discovered or by reasonable diligence could have been discovered"); *Harrison v. Digital Health Plan*, No. 1:98-CV-348-MHS, 1998 WL 1157098, at *2 (N.D. Ga. June 24, 1998) (holding O.C.G.A. § 9-3-28 applies "to all actions brought by 'persons empowered to sue for penalties'") (citation omitted), *aff'd in pertinent part*, 183 F.3d 1235, 1237 n.1 (11th Cir. 1999) (affirming application of O.C.G.A. § 9-3-28 to "plaintiff's penalty claim").

20.     During the time period July 28, 2009-July 28, 2010 (inclusive), 3,221 Georgia residents had a fee transaction directly with NoteWorld.  Of those 3,221 Georgia residents, 3,137 actually paid a fee directly to NoteWorld.  The other 84 consumer fee transactions were reversed, for a variety of reasons.

21.     Whether or not the Georgia residents whose fee transactions were reversed are included, the putative class seeks well in excess of $5,000,000.   If the class is limited to Georgia residents who directly paid a fee to NoteWorld, the Complaint seeks recovery of **$15,685,000** in statutory penalties (3,137 x $5,000) pursuant to O.C.G.A. § 18-5-4.  If the class includes the 84 Georgia residents whose direct fee transactions with NoteWorld were reversed, the Complaint seeks recovery of **$16,105,000** in statutory penalties (3,221 x $5,000).  Plaintiff also seeks full disgorgement of the fees themselves (*see* Compl. ¶ 59), in addition to other remedies, thereby putting an even greater amount in controversy.

22.     Accordingly, because the State Court Action is a putative class action between citizens of different states and more than $5,000,000 is in controversy, removal is proper pursuant to 28 U.S.C. § 1332(d) and 1453.

- 5 -

**Removal Pursuant to 28 U.S.C. §§ 1334(b), 1334(e), and 1452(a)**

23.     28 U.S.C. § 1452(a) provides in part that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

24.     28 U.S.C. § 1334(b) provides in part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

25.     28 U.S.C. § 1334(e)(1) provides in part that "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction … of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."

26.     On July 17, 2009, Plaintiff filed a voluntary petition under Chapter 13, Title 11, of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Georgia.  *See In re Morefield*, Bankr. Pet. 09-11778-SDB (Bankr. S.D. Ga.) (hereinafter, the "Bankruptcy Action").

27.     Any claim Plaintiff may have had against NoteWorld (and against Solve Debts, Inc., the entity actually providing debt adjusting services to Plaintiff), would have accrued no later than May or June 2009, when Plaintiff ceased participating in her debt adjusting program.  *See* Compl. ¶ 25, 27.

28.     Plaintiff's original Bankruptcy Petition, however, stated "None" with respect to "Other contingent and unliquidated claims of every nature, including tax refunds,

- 6 -

counterclaims of the debtor, and rights to setoff claims." *See* Bankruptcy Action, Dkt. No. 1, at 8.

29.      On July 27, 2009, Plaintiff proposed a "Chapter 13 Plan and Motion," requiring her to make monthly payments of $800.00 for a minimum of 36 months. Bankruptcy Action, Dkt. No. 6, at 1; *see also id*, Dkt. No. 15, at 1.

30.      On August 26, 2009, Plaintiff filed *Morefield v. Solve Debts, Inc.*, Civ. A. No. 2009-RCCV-01212 (Ga. Super. Ct., Richmond Cty.), in the Superior Court of Richmond County, Georgia.  Plaintiff did not amend her Bankruptcy Petition to identify her claim against Solve Debts, Inc., at this time.

31.      On September 22, 2009, the Bankruptcy Court of this District entered an Order confirming Plaintiff's Chapter 13 Plan.  Bankruptcy Action, Dkt. No. 30.  Pursuant to the terms of Plaintiff's proposed Chapter 13 Plan and Motion (as amended), Plaintiff's Bankruptcy will remain pending until at least 2012.

32.      On October 8, 2009 (approximately two weeks after her Chapter 13 plan had been confirmed), Plaintiff amended her Bankruptcy Petition to identify a "cause of action against Solve Debts Inc.," stating that the value of her claim was "unknown."  Bankruptcy Action, Dkt. No. 34, at 3.  Plaintiff did not identify any claim against NoteWorld in this amendment. *See id.*

33.      On March 12, 2010, the Trustee issued her "Report on Confirmation" with respect to Plaintiff's bankruptcy.  This Report made no reference to any claim by Plaintiff against Solve Debts, Inc., nor to any claim against NoteWorld.  Bankruptcy Action, Dkt. No. 41.

- 7 -

34.     On March 15, 2010, Plaintiff amended her Bankruptcy Petition to identify, in addition to her "cause of action against Solve Debts Inc.," a "potential cause of action against NoteWorld LLC." Bankruptcy Action, Dkt. No. 42, at 3.

35.     On March 31, 2010, Plaintiff settled her lawsuit against Solve Debts, Inc. According to the "Notice of Class Action, Proposed Settlement," Plaintiff was to receive an "Incentive Award" of $2,500. *See Morefield v. Solve Debts, Inc.*, Civ. A. No. 2009-RCCV-01212, Notice of Class Action, Proposed Settlement, at 4 (Ga. Super. Ct., Richmond Cty. filed Apr. 27, 2010). Plaintiff did not amend her Bankruptcy Petition to identify this "Incentive Award," and no filings in Plaintiff's Bankruptcy Action indicate the Trustee approved the Solve Debts, Inc. settlement.

36.     As Plaintiff has acknowledged, her claims against Solve Debts, Inc. and NoteWorld are property of her estate, arise under title 11, or arise in or relate to her title 11 case. Plaintiff herself identified her claim against Solve Debts, Inc. and her "potential cause of action against NoteWorld LLC" in amendments to her Bankruptcy Petition (although, as noted above, Plaintiff did not identify these claims when she originally filed her Bankruptcy Petition).

37.     Plaintiff's claims and any proceeds she has received or will receive in connection with those claims are the exclusive property of her estate. *See* 28 U.S.C. § 1334(e).

38.     Accordingly, this Court has original and exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1334(b) and 1334(e).

39.     Because this Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1334, removal of this case is proper under 28 U.S.C. § 1452(a).

- 8 -

**WHEREFORE**, Defendant NoteWorld, LLC d/b/a NoteWorld Servicing Center

hereby removes the State Court Action from the Superior Court of Richmond County,

Georgia, to this Court.

Respectfully submitted this 7th day of September, 2010.

*Pro hac vice* **to be submitted for:**

|  |  |
|---|---|
|  | *s/ Laurel Payne Landon* |
| C. Allen Garrett Jr. | Laurel Payne Landon |
| Georgia Bar No. 286335 | Georgia Bar No. 718407 |
| Aaron J. Ross | Joseph H. Huff |
| Georgia Bar No. 461981 | Georgia Bar No. 374935 |
| KILPATRICK STOCKTON LLP | KILPATRICK STOCKTON LLP |
| 1100 Peachtree Street, Suite 2800 | 699 Broad Street, Suite 1400 |
| Atlanta, Georgia 30309-4530 | Augusta, Georgia 30901-1453 |
| Telephone: (404) 815-6500 | Telephone: (706) 724-2622 |
| Facsimile: (404) 815-6555 | Facsimile: (706) 722-0219 |
| agarrett@kilpatrickstockton.com | llandon@kilpatrickstockton.com |
| aross@kilpatrickstockton.com | jhuff@kilpatrickstockton.com |

*Attorneys for Defendant*
*NoteWorld, LLC d/b/a NoteWorld Serving Center*

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing document upon counsel of

record for Plaintiffs, by depositing true and correct copies thereof in the United States mail,

first-class postage prepaid, addressed as follows:

> David E. Hudson
> Christopher A. Cosper
> HULL BARRETT, PC
> Post Office Box 1564
> Augusta, Georgia 30903-1564
>
> Angela McElroy-Magruder
> CLAEYS McELROY-MAGRUDER & ASSOCIATES
> 512 Telfair Street
> Augusta, Georgia 30901

This 7th day of September, 2010.

> *s/ Laurel Payne Landon*
> Laurel Payne Landon
> Georgia Bar No. 718407
>
> *Attorney for Defendant NoteWorld, LLC*
> *d/b/a NoteWorld Servicing Center*

CLERK OF SUPERIOR, STATE
AND JUVENILE COURT
FILED FOR RECORD

10 JUL 28 PM 4: 08

ELAINE C. JOHNSON. CLERK
RICHMOND COUNTY. GA.

**IN THE SUPERIOR COURT
FOR THE COUNTY OF RICHMOND
STATE OF GEORGIA**

DIANNE MOREFIELD, on behalf of )
Herself and all others similarly situated, )
)
    Plaintiff, )
)
    v. )  Civil Action No. 2010 RCCV 550
)
)
NoteWorld, LLC., d/b/a )
NoteWorld Servicing Center )    **CARL C. BROWN, JR.**
)
    Defendant. )
_____ )

## COMPLAINT- CLASS ACTION

COMES NOW Plaintiff Dianne Morefield, on behalf of herself and all others similarly

situated, and files this Complaint-Class Action as follows:

### I. Introduction

1.    This is a consumer class action brought on behalf of individuals subjected to

Defendant's violations of the Georgia Debt Adjustment Act, O.C.G.A. § 18-5-1, et seq.

("GDAA"). The provisions of the GDAA strictly regulate the business of debt adjusting and

specifically limit the charges, fees, contributions, or combinations thereof that debt adjusters may

charge to consumers such as the Plaintiff. Defendant violated the GDAA by failing to comply

with its annual requirements for debt adjusters, by charging fees in excess of those authorized

under the GDAA, and by holding client funds for periods longer than permitted by the GDAA.

### II. Jurisdiction and Venue

2.    Plaintiff is an adult resident of Augusta-Richmond County, in the State of

Georgia. She resides at 2535 Hilton Court, Augusta, Georgia 30909.

        1

**EXHIBIT "A"**

3.     Defendant NoteWorld, LLC, d/b/a NoteWorld Servicing Center (hereinafter "NoteWorld"), is a Delaware company in the business of providing transaction management, processing services, payment collection and disbursement services in the debt adjusting industry, with its principal place of business in Tacoma, Washington.

4.     Defendant NoteWorld is authorized to do business, and regularly transacts business in the State of Georgia. NoteWorld can be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway South #300, Norcross, Georgia 30092.

5.     Venue is proper in Augusta-Richmond County under O.C.G.A. § 14-2-510 in that the unlawful acts, omissions, or injury to Plaintiff occurred in this County, and the substantial part of the business at issue in this case was transacted in this County.

### III. General Allegations

6.     Defendant is in the business of providing "Debt Adjustment" services to Georgia consumers as that term is defined by O.C.G.A. § 18-5-1.

7.     Defendant is not exempt from the requirements of the GDAA.

8.     Plaintiff and the proposed Plaintiff Class Members are residents of the State of Georgia who received Debt Adjustment services from the Defendant.

9.     NoteWorld participates as part of an interrelated collection of companies and individuals that act in concert in the business of providing programs of debt adjusting, debt settlement, and/or debt management services (hereinafter collectively referred to as "debt adjusting programs") to residents of the State of Georgia.

10.     NoteWorld "collects, processes, and disburses payments" from Georgia residents as an essential part of the debt adjustment programs. The debt adjusting programs claim to

analyze the debtor's current financial situation, negotiate with creditors to lower interest rates and principal amounts owed, and ultimately resolve debts on behalf of Georgia residents.

11. On information and belief, NoteWorld provides debt adjustment programs in conjunction with at least 100 debt adjustment and debt settlement companies. NoteWorld performs an integral part of each of these debt adjustment programs by providing transaction management and processing services as part of a comprehensive debt adjusting plan.

12. Plaintiff participated in a debt adjusting program offered by Defendant in conjunction with a debt adjusting company known as Solve Debts, Inc. (hereinafter "Solve Debts").

13. On information and belief, additional "front-end" debt adjustment companies with whom NoteWorld has partnered, as presently known, include Accredited Financial Corporation, Amber Network Inc., Best Debt Options, Beyond Financial Service, Brite Credit Inc. (d/b/a Brite Credit 1 2 3), Century Negotiations Inc., Clear Debt Solution, Coastal Debt Solutions LLC, Counsumerwise Debt Solutions, Inc., Counsel 4 Debt Relief, Countrywide Debt Solutions Inc., Credit Care Corporation, CreditCarePro, Debt Help Center USA, Debt National Relief, Debt Reinvestment, Debt Solutions, DebtEraseInc, Debt Pointer Inc., DebtPro LLC, DTS Financial Group, E.A.C. Financial LLC, Inc., FBL Associates, Freedom Debt Solutions, Help Settle LLC, Helpsettle.com, Innovative Debt Solutions, Lifeguard Financial, Maximum Debt Solutions, Morgan Stevens Financial Solutions Company, National Financial Freedom LLC, Nationwide Consumer Advocacy Group, On Track Financial LLC, Personal Debt Systems of America, Princeton Debt Management LLC, Reduce My Debt, LLC, Settle A Debt Inc., Settlement Corporation of America, SilverLeaf Debt Solutions, The Debt Answer, The Debt Cure, US Consumer Support, Vision Debt.com, and World Debt Solutions.

00316070 -3                                                                                      3

14.    "Front-end" companies, such as Solve Debts, contact consumers through unsolicited marketing schemes offering debt adjustment services to consumers who have credit card debt or other unsecured debt.

15.    NoteWorld, in partnership with various companies, executes the "back-end" debt adjusting services for consumers who have been successfully enrolled in debt adjustment programs by "front-end" debt adjustment companies such as Solve Debts.

16.    NoteWorld and Solve Debts acted jointly as a debt adjusting enterprise. Together they engaged in debt adjusting on Plaintiff's behalf for a fee pursuant to a contract.

17.    NoteWorld specifically engages in debt adjustment programs through standardized contracts with Georgia residents. The consumer is required to enter into an agreement with a "front-end" debt adjustment company, in addition to a "Sign-Up Agreement" with NoteWorld.

18.    In consideration for program fees paid by the consumer, NoteWorld creates and administrates a debt adjustment account to carry out the debt adjustment program as marketed by the "front-end" company. The debt adjustment account purportedly accumulates funds to pay settlements with the consumer's creditors. NoteWorld is authorized to automatically transfer from the consumer's private bank account and into the debt adjustment account monthly payments. NoteWorld is further authorized to debit the consumer's account to pay for the fees charged by itself and the other debt adjustment companies. NoteWorld thus acts as the conduit for all payments and monetary transfers related to the debt adjusting programs.

19.    On information and belief, at all times related to the allegations in this Complaint, NoteWorld was acting as an agent, co-cinspirator or in a joint venture with Solve Debts in all dealings with the Plaintiff.

00316070 -3                                                                                   4

20.     On information and belief, NoteWorld is affiliate with other entities with whom the front-end debt adjusting companies also provide payment to perform services for the debt adjusting programs.

21.     Defendant does not practice law in the State of Georgia.

22.     Defendant is not regulated and supervised by the Office of the Comptroller of the Currency, the Office of Thrift Supervision, the Federal Reserve, the Federal Deposit Insurance Corporation, the National Credit Union Administration, or the Georgia Department of Banking and Finance.

23.     Defendant is not a bank, bank holding company, trust company, savings and loan association, credit union, credit card bank, or savings bank.

24.     Plaintiff was contacted in November of 2008 through an uninvited telephone solicitation scheme employed to target consumers in the State of Georgia with personal financial troubles.

25.     Plaintiff signed agreements with Defendant in November 2008 to pay a fee for debt adjusting services.

26.     At the time of the solicitation, Plaintiff had incurred personal debt obligations in the amount of approximately $12,954.80 owed to three different creditors.

27.     Defendant debited from the Plaintiff's bank account $283.61 per month for 7 months for a total of $1,985.27 for services associated with the debt adjusting program.

28.     Of the money withdrawn from Plaintiff's account, Defendant maintained that at least $1,259.75 was the program "fee" for the proposed services.

29.     Defendant did not disburse any portion of this money to the Plaintiff's creditors, and it held Plaintiff's funds in a non-interest bearing account in excess of thirty (30) days.

30.     The money accepted by Defendant from Plaintiff exceeded 7.5 percent of the

amount paid monthly by Plaintiff for distribution to her creditors.

31.     Defendant did not negotiate the resolution of any of the Plaintiff's credit accounts.

### IV. Class Action Allegations

32.     This action is brought by the Plaintiff individually and as a class action under the

provisions of O.C.G.A. § 9-11-23 for damages and injunctive relief.

33.     The class of Plaintiffs for whose benefit the named Plaintiff brings this action is

defined as follows (referred to herein as the "Plaintiff Class Members"):

> All persons who reside in the State of Georgia from whom NoteWorld
> accepted, either directly or indirectly or in conjunction with any other
> company, after July 1, 2003, any charge, fee, contribution, or combination
> thereof in coordination with any company providing debt settlement or
> debt adjustment services to said person.

34.     On information and belief, the named Plaintiff was solicited through a standard

marketing scheme and Plaintiff was thereby offered Defendant's standard debt adjusting

program. Such marketing and services are typical of those offered to the proposed Plaintiff Class

Members.

35.     Defendant also targets Georgia residents for Debt Adjustment services through

the website www.noteworld.com.

36.     On information and belief, the fees collected by the Defendant from the proposed

Plaintiff Class Members are uniformly assessed to every customer of Defendant and can readily

be determined from a ministerial review of the records of the Defendant.

37.     On information and belief, the contract entered into between Defendant and

Plaintiff is a standard contract of adhesion entered into between Defendant and each of the

clients that Defendant represents who reside in the State of Georgia.

38.     The names and addresses of the Plaintiff Class Members can readily be determined through the records of the Defendant pertaining to collection of such charges, fees, contributions, or combinations thereof.

39.     The membership of the class is numerous and joinder of individual plaintiffs is impractical. On information and belief, the Defendant has provided Debt Adjustment services to over one hundred residents of the State of Georgia since July 1, 2003.

40.     There are questions of law and fact common to all members of the Plaintiff class, and these common questions of law and fact predominate over any individual issues. The principle questions pertinent to the classes as a whole include:

   a)  Whether the Defendant's standard means of doing business in debt adjustments, debt settlement, and debt management constitutes "Debt Adjustment" under O.C.G.A. § 18-5-1.

   b)  Whether Defendant violated O.C.G.A. § 18-5-2 by accepting charges, fees, contributions, or combinations thereof in an amount in excess of 7.5 percent of the amount paid monthly by members of the Plaintiff class to Defendant for distribution to their creditors.

   c)  Whether Defendant violated O.C.G.A. § 18-5-3.2 by holding funds received from a debtors for more than 30 days after receipt of such funds.

   d)  The liability of Defendant for violation of the GDAA.

   e)  The appropriate measure of damages and the appropriate remedies.

   f)  Defenses raised by the Defendant.

   g)  The availability of statutory damages pursuant to O.C.G.A. § 18-5-4.

   h)  The need and appropriateness of injunctive relief.

41.     The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff class, which all arise from the same operative facts and are based on the same legal theory, and Plaintiff's claims will thus adequately represent those of the Plaintiff Class Members.

42.     The named Plaintiff will fairly and adequately protect the interest of the Plaintiff Class Members. Plaintiff has retained counsel with experience in class action litigation, and they are not aware of any interest that might cause them not to vigorously pursue this case.

43.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder is impracticable. The expense and burden of individual litigation make it virtually impossible for the members of the class to proceed individually, and it is therefore most efficient to resolve all claims based on the Defendant's conduct in one forum.

44.     The Plaintiff is aware of no difficulties that will be encountered in the management of this litigation that would render the action unmanageable. This is not a class action that will require an analysis of the Defendant's conduct as to individual class members.

45.     Plaintiff's and Plaintiff Class Members' claims against the Defendant are based on the Defendant's general practice of soliciting Georgia residents and accepting from them, either directly or indirectly, a standard charge, fee, contribution, or combination thereof in violation of O.C.G.A. § 18-5-2. The Defendant knowingly engages in this routine, standard practice, and its practice does not vary among members of the proposed Plaintiff class. The standard charges, fee, contribution, or combination thereof can be determined from the Defendant's business records and specifically from the account statements generated by the Defendant for each Georgia resident.

46.     The identity and addresses of the Plaintiff Class Members can be determined from the Defendant's business records and specifically from the account statements generated by the Defendant for each Georgia resident.

47.     Prosecution of separate actions by individual members of the Plaintiff class would create adjudications that would be dispositive of the interests of the interests of the other members not parties to the adjudications.

48.     Without a class action mechanism, members of the Plaintiff class would be substantially impaired or impeded in their ability to protect their interests. The value of claims of the individual class members would be in an amount that makes prosecution outside of the class action uneconomical.

49.     The claims of the Plaintiff and Plaintiff Class Members are meritorious. The names Plaintiff believes she will prevail on the merits based upon the clear, unambiguous statutory provisions.

50.     A final judgment on the merits of the named Plaintiff's claims would be fully dispositive of the claims and interests of those similarly situated who are not specifically named as a plaintiff in this action.

51.     Plaintiff has already entered into a settlement agreement against Solve Debts, but that settlement agreement does not provide complete relief to the Plaintiff or to those class members who will receive relief therein.

## V. Claims

### Count I – Violation of Georgia's Debt Adjustment Act

52.     As paragraph numbered fifty-two (52) of this Complaint, Plaintiff incorporates paragraphs numbered one (1) through fifty-one (51) above as fully set forth herein.

53.     Defendant is engaged in the business of providing "Debt Adjustment" services as that term is defined in O.C.G.A. § 18-5-1.

54.     Defendant provided Debt Adjustment services to the named Plaintiff, and the Plaintiff Class Members.

55.     In conjunction with one or more companies jointly acting to provide debt adjustment services, Defendant accepted from the named Plaintiff and Plaintiff Class Members, a charge, fee, contribution, or combination thereof in an amount in excess of 7.5 percent of the amount they paid monthly for distribution to their creditors.

56.     Defendant did not disburse to the appropriate creditors all funds received from the named Plaintiff and Plaintiff Class Members, less any fees authorized by law, within 30 days of receipt of such funds.

57.     Defendant's conduct violates the provisions of the Georgia Debt Adjustment Act, and specifically O.C.G.A. § 18-5-2 and O.C.G.A. § 18-5-3.2.

58.     Defendants are not exempt from the GDAA.

59.     Due to said violation of the GDAA, pursuant to O.C.G.A. § 18-5-4(b)(2), NoteWorld is liable to the named Plaintiff and each Plaintiff Class Member, jointly and severally, in an amount equal to the total of all fees, charges, or contributions paid by each Plaintiff to the Defendant, plus statutory damages in the amount of $5,000.00.

## VI. Prayer for Relief

WHEREFORE, Plaintiff and the proposed Plaintiff Class Members pray for judgment and relief as follows:

a.     An order certifying that the action may be maintained as a class action;

b.     Compensatory damages in an amount to be proven at trial, including any damages provided by statute, for a total amount of damages to the Plaintiff and Plaintiff Class Members of less than $5,000,000.00;

c.     A temporary, preliminary and/or permanent order enjoining the Defendant from continuing to charge fees in excess of those permitted by O.C.G.A. § 18-5-2;

d.     A temporary, preliminary and/or permanent order disgorging the Defendants of all money collected, freezing the Defendant's assets, and requiring the Defendants to pay damages to the Plaintiff Class Members as required by O.C.G.A. § 18-5-4;

e.     An order granting Plaintiff her expenses incurred in bringing and prosecuting this action, including attorney fees, expert fees, and costs;

f.     Pre and post-judgment interest, if applicable;

g.     A trial by jury; and

h.     Such other and further relief as the Court may deem just, necessary, or appropriate.

Respectfully submitted,

DAVID E. HUDSON
Georgia Bar No. 374450
CHRISTOPHER A. COSPER
Georgia Bar No. 142020
*Attorneys for Plaintiff and the Class*

Of Counsel:

HULL BARRETT, PC
Post Office Box 1564
Augusta, Georgia 30903-1564
(706) 722-4481

00316070 -3                              11

ANGELA McELROY-MAGRUDER
GA Bar No.: 113625
Claeys McElroy-Magruder & Assoc.
512 Telfair Street
Augusta, GA 30901
(706) 724-6000

Dated: July 28, 2010.

**IN THE SUPERIOR COURT
FOR THE COUNTY OF RICHMOND
STATE OF GEORGIA**

CLERK OF SUPERIOR. STATE
AND JUVENILE COURT
FILED FOR RECORD

10 JUL 28 PM 4: 13

ELAINE C. JOHNSON. CLERK
RICHMOND COUNTY. GA.

DIANNE MOREFIELD, on behalf of          )
Herself and all others similarly situated,  )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )   Civil Action No. 2010 RCCV 550
                                        )
                                        )
NoteWorld, LLC., d/b/a                  )
NoteWorld Servicing Center              )
                                        )
        Defendant.                      )
_____ )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO DEFENDANT NOTEWORLD, LLC

NOW COMES Plaintiff Dianne Morefield, and serves these requests for admissions upon NOTEWORLD, LLC d/b/a NOTEWORLD SERVICING CENTER (hereinafter the "Defendant") and requests that they be answered fully in writing and under oath within thirty (30) days from the date of service thereof, all in accordance with O.C.G.A. § 9-11-36.

Please admit to the following:

1.    That Defendant was properly served with process.

2.    That jurisdiction and venue are proper in this Court.

3.    That the services provided by Defendant to Georgia residents in conjunction with debt settlement and/or debt adjusting companies constitutes "Debt Adjustment" services as that term is defined by O.C.G.A. § 18-5-1.

00316567 -1                           1

4.      That Defendant functions as part of an interrelated collection of companies and individuals that act in concert in the business of providing debt adjusting services.

5.      That Defendant functions as part of an interrelated collection of companies and individuals that act in concert in the business of providing debt settlement services.

6.      That Defendant charges residents of the State of Georgia a standard fee for services it provides.

7.      That when combined with those charges billed by Solve Debt, Inc. Defendant charged Plaintiff and other similarly situated clients greater than 7.5% of the amount paid to Defendants for distribution to the clients' creditors.

8.      That when combined with those charges billed by the debt settlement companies with whom it operates Defendant collectively charged Plaintiff and all other similarly situated clients greater than 7.5% of the amount paid to Defendant for distribution to the clients' creditors.

9.      The Defendant is not regulated and supervised by the Office of the Comptroller of the Currency, the Office of Thrift Supervision, the Federal Reserve, the Federal Deposit Insurance Corporation, the National Credit Union Administration, or the Georgia Department of Banking and Finance.

10.     That Defendant is not a bank, bank holding company, trust company, savings and loan association, credit union, credit card bank, or savings bank.

11.     That the agreement signed by Dianne Morefield is a standard form of agreement signed by all Georgia residents who open accounts with Defendant.

00316567 -1                                          2

12.     The Defendant has entered into agreements with many debt settlement

and/or debt adjusting companies to provide services in association with the debt

settlement and/or debt adjusting programs offered to Georgia residents and others.

This 28th day of July, 2010.

DAVID E. HUDSON
Georgia Bar No. 374450
CHRISTOPHER A. COSPER
Georgia Bar No. 142020
*Attorneys for Plaintiff and the Class*

Of Counsel:
HULL BARRETT, P.C.
Post Office Box 1564
Augusta, Georgia 30903-1564
(706) 722-4481

ANGELA McELROY-MAGRUDER
GA Bar No.: 113625
Claeys McElroy-Magruder & Assoc.
512 Telfair Street
Augusta, GA 30901
(706) 724-6000

**IN THE SUPERIOR COURT
FOR THE COUNTY OF RICHMOND
STATE OF GEORGIA**

CLERK OF SUPERIOR. STATE
AND JUVENILE COURT
FILED FOR RECORD

10 JUL 28  PM 4: 13

ELAINE C. JOHNSON. CLERK
RICHMOND COUNTY. GA.

DIANNE MOREFIELD, on behalf of          )
Herself and all others similarly situated,     )
                                                )
          Plaintiff,                            )
                                                )
          v.                                    )     Civil Action No. 2010  RCCU  550
                                                )
                                                )
NoteWorld, LLC., d/b/a                          )
NoteWorld Servicing Center                      )
                                                )
          Defendant.                            )
_____         )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT NOTEWORLD, LLC

NOW COMES Plaintiff Dianne Morefield, and serves these interrogatories upon

NOTEWORLD, LLC. d/b/a NOTEWORLD SERVICING CENTER and (hereinafter the

"Defendant" or "NoteWorld") and requests that they be answered fully in writing and

under oath within thirty (30) days from the date of service thereof, all in accordance with

O.C.G.A. § 9-11-33.

### INSTRUCTIONS

1.      Each interrogatory is addressed to the personal knowledge of Defendant,

as well as to the knowledge and information of Defendant, its attorneys, agents, and other

representatives. When a question is directed to Defendant, the question is also directed to

each of the aforementioned persons.

2.      These interrogatories shall be deemed continuing so as to require

supplemental answers if the persons to whom these interrogatories and requests are

00316566 -1                                    1

addressed obtain further or different information between the time answers are served and the time of trial, as required by law.

3.     In lieu of identifying any document, it shall be a sufficient response to produce such document and attach a copy thereof to your answers to these interrogatories.

4.     With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

5.     Whenever these interrogatories request information which was furnished in response to a previous interrogatory or request, such information need not be restated, and it is sufficient to identify, by number, the previous answer which contains the information requested.

6.     Whenever these interrogatories request information which is not available to the Defendant in the form requested, but is available in another form or can be obtained elsewhere, so state or either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

7.     Each interrogatory should be construed independently and not with reference to any other interrogatory for purposes of limitation, except where specifically so designated.

8.     If any information requested by these interrogatories is withheld because Defendant claims that the information is privileged, state the basis upon which any privilege is claimed and the general subject matter of the information withheld.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

2.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      To "identify" a "document" means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a) The title or other means of identification of each such document;

(b) The type of document (e.g., letter, memorandum, record);

(c) The date of each such document;

(d) The author of each such document;

(e) The recipient or recipients of each such document, including but not limited to Defendant or anyone who purports to represent the Defendant;

(f) The present location of any and all copies of each such document in the care, custody, or control of Defendant;

(g) The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(h) If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

In lieu of "identifying" any document, it shall be deemed a sufficient compliance with these interrogatories to attach a copy of each such document to the answers hereto and reference said document to the particular interrogatory to which the document is responsive.

4.    To "identify" a natural person means to state that person's full name, title, or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons (e.g., government agency, corporation, partnership, joint venture, etc.), and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.    Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

6.    Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

00316566 -1                                              4

7.     "Defendant," "you," or "your" refers to, without limitation, NOTEWORLD, LLC d/b/a NOTEWORLD SERVICING CENTER, and all employees, attorneys, agents, or representatives.

8.     "Debt Settlement Companies" (hereafter DSC) refers to any person, non-profit entity, law firm, attorney, or other entity that engages in the business of Debt Adjusting, Debt Settlement, Debt Management, or Debt Counseling.

9.     "Debt Adjusting" shall mean Debt Adjusting as that term is defined in O.C.G.A. § 18-5-1, and shall include and encompass Debt Settlement for purposes of these discovery requests.

10.    "Reside" means a person has provided a postal address to any defendant in this lawsuit or any other DSC to indicate the place of residence of that person or the place where mail is received by that person on a temporary or permanent basis.

11.    The "Proposed Plaintiff Class" shall mean:

> All persons who reside in the State of Georgia from whom NoteWorld accepted, either directly or indirectly or in conjunction with any other company, after July 1, 2003, any charge, fee, contribution, or combination thereof in coordination with any company providing debt settlement or debt adjustment services to said person.

## INTERROGATORIES

Interrogatory No. 1.   Identify any contracts, memorandums, agreements, or other understandings between you and Solve Debts, Inc., Andrew Creager, or Nationwide Support Services.

Interrogatory No. 2.   Summarize specifically how you keep records of all documents related to any Debt Adjusting and Debt Settlement Programs, whether

performed by you or any other entity, including in your summary the names of any computer programs or software programs utilized by you for this data.

Interrogatory No. 3. Summarize specifically how you keep records of all documents, including account transfers, account statement, and correspondence relating to the Proposed Plaintiff Class Members, including in your summary the names of any computer programs or software programs utilized by you for this data.

Interrogatory No. 4. State whether Defendant is aware of any telephone communications with Plaintiff that were recorded in any manner, and if so, state the location and custodian of any and all such recordings.

Interrogatory No. 5. Please provide the dates of each and every communication any employee of Defendant had with the Plaintiff concerning any of the facts or allegations described in this lawsuit or any pleading you have filed or may file, and identify the persons with whom Plaintiff communicated, and explain and describe the contents and dates of the communications.

Interrogatory No. 6. Please identify each and every person having knowledge of facts or having formed any opinions relating to any or all of the incidents which are the basis of this lawsuit, any allegation made in this lawsuit, any defense raised in this lawsuit, the cause of any alleged incident underlying this lawsuit or damages claimed in this lawsuit, or relating to any of the damages incurred by Plaintiff including any of your employees who, in any way, handled or supervised any matters in connection with services provided to Plaintiff, any payment made on behalf of the Plaintiff, and any of your communications with Plaintiff or any creditor regarding Plaintiff.

Interrogatory No. 7. Please identify each individual employed by Defendant in

00316566 -1                                                         6

the preceding five years who supervised or was personally involved in the collection of any monies from Plaintiff, the deposit of any monies received from Plaintiff into any account, the transfer of any monies received from Plaintiff between accounts, or payment to any creditors of Plaintiff with funds received from Plaintiff. Include in your answer a description of the individual's job title and the dates of employment of the individual.

Interrogatory No. 8.   Provide a complete audit trail of monies paid by Plaintiff to Defendant, or any agent of the Defendant (whether directly or indirectly) showing any account into which funds received from the Plaintiff were deposited or transferred, the dates of deposit, debit and transfer, and provide a detailed explanation of how Plaintiff's money was received from Plaintiff, transferred to any account, and ultimately paid to any other entity.

Interrogatory No. 9.   State the total amount of compensation received by Defendant, either directly or indirectly, for any services provided by Defendant which in any way relate to the Plaintiff.

Interrogatory No. 10.   Identify any person or entity who received money in connection with any debt settlement or debt adjusting services provided to Plaintiff, and state the amount of money each person or entity received.

Interrogatory No. 11. Describe the role of Defendant in providing any service that was provided to Plaintiff or for the benefit of any entity who was working on behalf of the Plaintiff, identifying the employee(s) of Defendant who provided each service. The intent of this interrogatory is to have the Defendant describe fully and completely all services it provided to Plaintiff.

Interrogatory No. 12. Identify each document which Defendant claims was

00316566 -1                                                      7

executed by Plaintiff in order to initiate, consummate, or fulfill any transaction related to the events described in this lawsuit.

Interrogatory No. 13. Identify any and all emails, digital or electronic transmissions, documents, correspondence, communications, recordings, or other memorializations referencing or relating in any way to Plaintiff or any account established for Plaintiff relating to the claims asserted in this lawsuit.

Interrogatory No. 14. Identify by description, author, recipients and date of creation any documents which have been requested by Plaintiff, but which have been withheld on the basis of trade secret, confidentiality, or privilege.

Interrogatory No. 15. Identify - including case number, venue, parties, and amount of any settlement or judgment paid by Defendant - every lawsuit in which you were alleged to have violated any law governing any form of Debt Adjusting or Debt Settlement.

Interrogatory No. 16. Identify any and all agreements between Defendant and any entity, which agreements relate in any way to the provision of Debt Adjustment or Debt Settlement services for any person who Resides or Resided in the State of Georgia.

Interrogatory No. 17. Please identify each and every person who to your knowledge Resides or Resided in the State of Georgia and received Debt Adjustment or Debt Settlement services from Defendant directly or from a DSC with whom Defendant has a business relationship; and for each such person, identify the DSC who provides or provided services to such person.

Interrogatory No. 18. For each person identified in response to the preceding interrogatory, identify each document which was executed by said person in order to

initiate, consummate, or fulfill any transaction with Defendant or any DSC with whom Defendant has a business relationship.

Interrogatory No. 19. Identify the person employed by Defendant who has the most knowledge of the following areas of Defendant's business: new account origination, payment processing and customer service.

Interrogatory No. 20. Identify any memorandums (internal or external), communications, correspondences, documents, or other written memorializations in Defendant's possession or control relating in any way to Georgia's Debt Adjustment Act.

Interrogatory No. 21. Describe completely the business relationship between Defendant and Solve Debts, Inc., Andrew Creager and Nationwide Support Services.

Interrogatory No. 22. State when Defendant first entered into a business relationships with Solve Debts, Inc., Andrew Creager and Nationwide Support Services, and identify the persons who negotiated the terms of the original agreements and any other contracts between Defendant and those entities or persons.

Interrogatory No. 23. Identify the bank in which Defendant holds funds for persons who reside in the State of Georgia.

Interrogatory No. 24. Produce a table showing the following for each person included in the Proposed Plaintiff Class: (1) the person's name, (2) the account number, (3) the date the person opened an account with Defendant, (4) the amount of monthly payments into the account, (5) the total amount paid into the account during the lifetime of the account, (6) the monthly fees withdrawn from the account, (7) the total fees paid out of the account during the lifetime of the account, (8) the total fees paid to Defendant from the account, (9) the total amount distributed to the creditors of the proposed class

member, and (10) the date the account was closed. In lieu of producing the foregoing information, the Defendant may produce an account activity statement for each proposed plaintiff class member showing the dates of deposit and withdrawal of all payment relevant to the account.

Interrogatory No. 25. Identify any and all witnesses and any and all evidence you intend to rely upon at a hearing on class certification in this lawsuit.

Interrogatory No. 26. Please identify the language/provisions of any past or present Georgia Statute on which you specifically rely for authority to provide Debt Adjustment or Debt Settlement Services for the benefit of any resident of the State of Georgia, and which permits you to charge hold clients funds for more than 30 days and/or charge a fee of more than 7.5% of the amount paid by the resident for distribution to his/her creditors.

Interrogatory No. 27. Provide a summary, including dates, of all of your marketing efforts to obtain clients who reside in the State of Georgia for your company or for any DSC.

Interrogatory No. 28. If you deny any of the requests for admissions served herewith, please set forth the complete factual and legal basis for the denial.

Interrogatory No. 29. State whether any person or entity has agreed to pay for your attorney fees or other defense costs in this lawsuit and identify any written agreement pursuant to which said entity has agreed to pay for such attorney fees or other defense costs.

Interrogatory No. 30. If you contend that the named Plaintiff's claims are not typical of the claims of the Proposed Plaintiff Class that she seeks to represent, please

state all facts that support your contention and identify all witnesses with knowledge of such facts. Plaintiff acknowledges that Defendant will acquire additional information during the discovery process and that it may supplement its response to this interrogatory as discovery progresses. However, in order to expedite the discovery process and avoid discovery disputes, Plaintiff requests that Defendant state all responsive facts known by Defendant at this time or, if applicable, state that it is not aware of any such facts.

Interrogatory No. 31. If you contend that the named Plaintiff will not fairly and adequately represent the members of the Proposed Plaintiff Class, please state all facts that support your contention and identify all witnesses with knowledge of such facts. Plaintiff acknowledges that Defendant will acquire additional information during the discovery process and that it may supplement its response to this interrogatory as discovery progresses. However, in order to expedite the discovery process and avoid discovery disputes, Plaintiff requests that Defendant state all responsive facts known by Defendant at this time or, if applicable, state that it is not aware of any such facts.

Interrogatory No. 32. Please identify all facts and each person who has knowledge of any facts that support any affirmative defenses or reasons you contend the class should not be certified as a class action and briefly describe the knowledge possessed by each such person. Plaintiff acknowledges that Defendant will acquire additional information during the discovery process and that it may supplement its response to this interrogatory as discovery progresses. However, in order to expedite the discovery process and avoid discovery disputes, Plaintiff requests that Defendant identify all known persons responsive this interrogatory and state all responsive facts known by Defendant at this time or, if applicable, state that it is not aware of any such facts or any

such persons.

Interrogatory No. 33. Please identify each document that supports any contention that this case should not be certified as a class action. Plaintiff acknowledges that Defendant will acquire additional information during the discovery process and that it may supplement its response to this interrogatory as discovery progresses. However, in order to expedite the discovery process and avoid discovery disputes, Plaintiff requests that Defendant identify all responsive documents known by Defendant to exist at this time or, if applicable, state that it is not aware of any such documents.

Interrogatory No. 34. Identify each person whom Defendant expects to call as an expert witness, either at trial or any other hearing, including each person's name, residence address, office address, office telephone number and specialty, if any; the subject matter upon which said persons are expected to testify; and the substance of the facts and opinions to which such experts are expected to testify.

This 28th day of July, 2010.

DAVID E. HUDSON
Georgia Bar No. 374450
CHRISTOPHER A. COSPER
Georgia Bar No. 142020
*Attorneys for Plaintiff and the Class*

Of Counsel:
HULL BARRETT, P.C.
Post Office Box 1564
Augusta, Georgia 30903-1564
(706) 722-4481

ANGELA McELROY-MAGRUDER
GA Bar No.: 113625
Claeys McElroy-Magruder & Assoc.
512 Telfair Street
Augusta, GA 30901
(706) 724-6000

00316566 -1                                           12

CLERK OF SUPERIOR. STATE
AND JUVENILE COURT
FILED FOR RECORD

**IN THE SUPERIOR COURT
FOR THE COUNTY OF RICHMOND
STATE OF GEORGIA**

10 JUL 28 PM 4: 13

ELAINE C. JOHNSON. CLERK
RICHMOND COUNTY. GA.

DIANNE MOREFIELD, on behalf of )
Herself and all others similarly situated, )
)
    Plaintiff, )
)
         v. )  Civil Action No. 2010 RCCV 550
)
)
NoteWorld, LLC., d/b/a )
NoteWorld Servicing Center )
)
    Defendant. )
_____ )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NOTEWORLD, LLC

    NOW COMES Plaintiff Dianne Morefield, and serves this request for production upon NOTEWORLD, LLC (hereinafter the "Defendant") and requests that they be answered fully in writing and under oath within thirty (30) days from the date of service hereof, all in accordance with O.C.G.A. § 9-11-34.

### INSTRUCTIONS

    1.    Each request is addressed to the personal knowledge of Defendant, as well as to the knowledge and information of its employees, attorneys, agents, and other representatives. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

    2.    These requests shall be deemed continuing so as to require supplemental answers if the persons to whom these requests are addressed obtain further or different information between the time answers are served and the time of trial, as required by law.

00317979 -1

1

3.     With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

4.     Whenever these requests request information which was furnished in response to a previous request, such information need not be restated, and it is sufficient to identify, by number, the previous answer which contains the information requested.

5.     Whenever these requests request information which is not available to the Defendant in the form requested, but is available in another form or can be obtained elsewhere, so state or either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

6.     Each request should be construed independently and not with reference to any other request for purposes of limitation, except where specifically so designated.

7.     If any information requested by these requests is withheld because Defendant claims that the information is privileged, state the basis upon which any privilege is claimed and the general subject matter of the information withheld.

8.     All requests seek information relevant to the period July 1, 2003 through the date of Defendant's responses to these requests unless otherwise specified.

DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "Document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or

00317979 -1                                      2

statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

2.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      To "identify" a "document" means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a) The title or other means of identification of each such document;

(b) The type of document (e.g., letter, memorandum, record);

(c) The date of each such document;

(d) The author of each such document;

(e) The recipient or recipients of each such document, including but not limited to Defendant or anyone who purports to represent the Defendant;

(f) The present location of any and all copies of each such document in the care, custody, or control of Defendant;

(g) The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(h) If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

In lieu of "identifying" any document, it shall be deemed a sufficient compliance with these requests to attach a copy of each such document to the answers hereto and reference said document to the particular request to which the document is responsive.

4.    To "identify" a natural person means to state that person's full name, title, or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons (e.g., government agency, corporation, partnership, joint venture, etc.), and to "identify" the natural person who would have knowledge of the information sought by the request.

5.    Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

6.    "Defendant," "you," or "your" refers to, without limitation, NOTEWORLD, LLC, and each of its successors, affiliates, parent companies, subsidiaries, employees, attorneys, agents, and/or representatives.

7.    "Debt Settlement Company" or "DSC" refers to any non-profit entity, law firm, attorney, or other entity that engages in the business of Debt Adjusting or Debt Settlement.

8.    "Debt Adjusting" or "Debt Adjustment Services" shall have the meaning of "debt adjusting" as defined in O.C.G.A. § 18-5-1.

9.    "Reside" means a person has provided a postal address to any defendant in

this lawsuit or any other DSC to indicate the place of residence of that person or the place

where mail is received by that person on a temporary or permanent basis.

10.    The "Proposed Plaintiff Class" shall mean:

> All persons who reside in the State of Georgia from whom
> NoteWorld accepted, either directly or indirectly or in conjunction
> with any other company, after July 1, 2003, any charge, fee,
> contribution, or combination thereof in coordination with any
> company providing debt settlement or debt adjustment services to
> said person.

## REQUESTS

1.    Please produce any and all documents identified in your responses to

Plaintiff's first interrogatories to you, or which were consulted or relied upon in

responding to Plaintiff's first interrogatories to you.

2.    Please produce any and all contracts or agreements entered into between

you and any entity that provides or provided any debt settlement or debt adjusting

services to the Plaintiff, her account, any member of the Proposed Plaintiff Class, or any

account associated with any member of the Proposed Plaintiff Class.

3.    Please produce any and all documents in your possession referencing or

relating to the Plaintiff.

4.    Please produce any and all written or recorded statements, prepared or

obtained, which in any way reference Plaintiff or any allegations or defenses asserted in

this action.

5.    Please identify and produce a copy of each and every document

referencing communications between you and Plaintiff.

6.     Please provide a complete copy of each liability policy issued to you which may cover your alleged liability in this suit, including declaration page and/or all endorsements.

7.     Please produce all documents referring or relating to any communications between you and any Creditor of Plaintiff, which refer or relate to the Plaintiff.

8.     Please produce all documents sent to Plaintiff by you.

9.     Please produce all documents sent to you by Plaintiff.

10.    Please produce all documents relating or referring to any communications between you and Plaintiff.

11.    Please produce all of your documents, contracts, manuals or other recorded data, concerning your relationships with any of Plaintiff's Creditors.

12.    Please produce any documents sent by you to any other person or entity concerning the Plaintiff.

13.    Please produce any documents sent to you or received by you, from any other person or entity, concerning the Plaintiff.

14.    Please produce all documents evidencing or including data concerning the names, addresses, telephone numbers, current employers, and current whereabouts of each and every one of your employees who has communicated with the Plaintiff.

15.    Please produce any and all logs, ledgers, telephone bills, emails or other documents that substantiate any communications between any employee of the Defendant and any of Plaintiff's creditors.

16.    Please provide a complete audit trail of any document(s), data bases, account files, computer(s), or other data held by you which, in any degree, addresses or

discusses the Plaintiff, or any one of the Plaintiff's accounts, or Plaintiff's personal identifiers.

17.    Please produce all documents constituting your entire file(s), which in any way references Plaintiff, Plaintiff's personal identifiers or any of the account numbers associated with Plaintiff's identifiers.

18.    Please produce copies of all documents or recordings evidencing telephone messages, log books, or your other regularly maintained records which contain information about communications between you and Plaintiff.

19.    Please produce all policy manuals, procedure manuals, or other documents which address your policies, practices, or procedures for collecting, processing and disbursing payment from Georgia residents in relation to any Debt Adjustment or Debt Settlement service for persons who reside in the State of Georgia.

20.    Please produce all documents which you will or may use as exhibits in the trial of this case or at any hearing on class certification.

21.    Please produce all screen prints on any software that reference the Plaintiff, or any one of the Plaintiff's accounts, or Plaintiff's personal identifiers.

22.    Please produce all archived prints (whether stored digitally or in hard copy) of all communications referencing the Plaintiff, or any one of the Plaintiff's accounts, or Plaintiff's personal identifiers

23.    Please produce an organizational chart of the Defendant.

24.    Please produce any and all documents or computer screens which set forth or demonstrate all of the account information that you currently possess about the Plaintiff.

25.     Please produce any and all contracts or agreements between you and any or all of the following: Solve Debt, Inc. Andrew Creager, and/or Nationwide Support Services.

26.     Please produce any and all contacts, agreements, correspondence, emails, or other documents relating in any way to any attorney who communicated with Plaintiff in any way.

27.     Please produce any and all documents that have not been provided in response to the above requests, which you may use to support any defense you may have to the claims asserted in this lawsuit or the certification of Plaintiff's claims as a class action.

28.     Please produce any and all documents showing the total number of clients (past and present) of Defendant who Reside or have Resided in the State of Georgia.

29.     Please produce any and all electronic files and documents showing the total number of person who are included in the Proposed Plaintiff Class as defined by Plaintiff in her complaint.

30.     Please produce any and all documents showing any and all of Defendant's rates or fees charged for services to persons who Reside in the State of Georgia.

31.     Please produce any and all CV's for all identified experts and copies of all previous depositions or transcripts of trial testimony of such experts.

32.     Please produce copies of any affidavits to be submitted to the Court in this lawsuit regarding class certification.

33.     Please produce any and all contracts or agreements entered into between you and any entity, including Solve Debts, Inc., for whom you provide payment

processing, payment collection or disbursement services for residents who reside in the State Georgia.

34.     Please produce all contracts or agreements entered into between Defendant and any bank relating in any way to accounts to be used by any person in conjunction with a debt settlement or management program.

35.     Please produce an account activity statement for each person included in the Proposed Plaintiff Class showing the dates of deposit and withdrawal of all payments relevant to the account.

This 28th day of July, 2010.

DAVID E. HUDSON
Georgia Bar No. 374450
CHRISTOPHER A. COSPER
Georgia Bar No. 142020  .
*Attorneys for Plaintiff and the Class*

Of Counsel:
HULL BARRETT, P.C.
Post Office Box 1564
Augusta, Georgia 30903-1564
(706) 722-4481

ANGELA McELROY-MAGRUDER
GA Bar No.: 113625
Claeys McElroy-Magruder & Assoc.
512 Telfair Street
Augusta, GA  30901
(706) 724-6000

Case No. 2010 RCCV550

27991

Date Filed _____

Superior Court

Georgia, ~~Columbia County~~ GJinnett County

Attorney's Address

CHRISTOPHER A. COSPER
HULL BARRETT, PC
POST OFFICE BOX 1564
AUGUSTA, GA  30903-1564

DIANNE MOREFIELD, on behalf of herself

and allcothers similarly situated

**Plaintiff**

VS.

NOTEWORLD, LLD d/b/a NOTEWORLD

Name and Address of Party to be Served

SERVICING CENTER

NOTEWORLD, LLC
c/o  Corporation Service Company (Registered Agent)
40 Technology Parkway South, #300
Norcross, Georgia  30092

**Defendant**

**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐  I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

☐  I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☐  Served the defendant __Noteworld LLc__ , _____ a corporation
by leaving a copy of the within action and summons with __Alisha Smith (Mec Auten)__
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐  Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This ____5____ day of __Aug , 2010__

_____
DEPUTY

Deneck Steven

SHERIFF DOCKET_____  PAGE _____

White - Court Copy
Canary - Attorney Copy
Pink - Defendant Copy

CSC-2 Rev.85 PHOENIX PRINTING