IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DIANNE MOREFIELD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NOTEWORLD, LLC d/b/a NOTEWORLD SERVICING CENTER,<br><br>Defendant. | ) | CIVIL ACTION FILE NO.<br>1:10-CV-00117 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW Dianne Morefield, Plaintiff in the above-captioned action, and files this Response in Opposition to Defendant's Motion to Dismiss because (1) this is not a matter that should be decided on a motion to dismiss, and (2) Plaintiff has fully disclosed her potential claims to the bankruptcy court and thus should not be estopped from proceeding with this litigation.

**BACKGROUND**

This lawsuit is a consumer class action brought on behalf of individuals subjected to Defendant's violations of the Georgia Debt Adjustment Act, O.C.G.A.: § 18-5-1, *et seq.* ("GDAA"). The provisions of the GDAA strictly regulate the business of debt adjusting and specifically limit the charges, fees, contributions, or combinations thereof that debt adjusters may charge to consumers such as the Plaintiff. In conjunction with numerous other entities, Defendant violated the GDAA by charging fees in excess of those authorized under the GDAA, and by holding client funds for periods longer than permitted by the GDAA. (*See generally*

Complaint). While the GDAA limits debt adjusters from charging fees in excess of 7.5% of the amount paid monthly by the debtor, Defendant and its partner companies regularly charge clients 50% to 100% of their monthly payments and virtually never settle a client's debts as represented.

Plaintiff filed this lawsuit in the Superior Court of Richmond County, Georgia on July 28, 2010. Defendant subsequently filed its Notice of Removal, on the basis of diversity jurisdiction under the Class Action Fairness Act pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453.[1] (Notice of Removal, Doc. 1.). Plaintiff has filed a motion for remand concurrently with this response brief.

Prior to initiating this action, Plaintiff filed for Chapter 13 bankruptcy in the Bankruptcy Court for the Southern District of Georgia. At the time she filed bankruptcy, she was not aware of the Georgia Debt Adjustment Act or her potential cause of action against the Defendant. Most Georgia residents (and most attorneys) do not know about the Debt Adjustment Act, which is why Defendant's business thrives at targeting Georgia residents and enticing them to pay exorbitant fees on the promise of eliminating their debts for pennies on the dollar.

Subsequent to filing Chapter 13 bankruptcy, Plaintiff was referred to undersigned counsel to assess the possibility of a claim against the debt adjustment companies to which she had paid fees. While her potential claims were thus not listed on her initial bankruptcy petition, she has amended her disclosures in order to inform the bankruptcy court and her creditors of her potential claims and recoveries. Upon learning of the claim against Solve Debts and her obligation to disclose it to the bankruptcy court, she filed an amended pleading disclosing the fact that she possessed a claim under the debt adjustment act against Solve Debts. Each of these

---

[1] Plaintiff also asserts jurisdiction under 28 U.S.C. § 1334(c)(2), but the Court is required to apply mandatory abstention and remand the lawsuit if it does not have diversity jurisdiction under CAFA. (See Motion to Remand at 6-7).

documents will be disclosed to the Defendant during discovery and can be made available for the Court.

In the action against Solved Debts, the company refused to participate in discovery and made clear its intent to file for bankruptcy protection. As Defendant states in its brief, the parties in the Solve Debts class action subsequently entered into a settlement agreement based upon the limited financial resources available to Solve Debts, which settlement contingent upon the approval of the Superior Court. As part of that settlement agreement, the principal of Solve Debts agreed to provide information regarding its relationship with Noteworld. After receiving this information, counsel for the Plaintiff determined that she had a viable cause of action against Noteworld. Bankruptcy counsel was then asked to file another amendment listing a cause of action against Noteworld, which was filed on March 15, 2010. Plaintiff's counsel then investigated the matter further and ultimately filed this lawsuit on July 28, 2010, four months after the cause of action was discovered and disclosed to the bankruptcy court.

Plaintiff has not been paid any funds from her lawsuits against Solve Debts or Noteworld. Meanwhile, she has fallen behind on her bankruptcy payments due to financial hardship. She has thus filed an amended Chapter 13 Bankruptcy Plan, which will be considered by the Court and her creditors along with all potential causes of action that Plaintiff has disclosed. Accordingly, any bankruptcy plan approved and completed in Plaintiff's Chapter 13 case will include full consideration of Plaintiff's lawsuits against Noteworld and Solve Debts. If she receives a successful discharge from the bankruptcy court, it will only be with full knowledge of this lawsuit.

## ANALYSIS

### 1. Defendant's Motion Fails on its Face to Satisfy the Standards of a Motion to Dismiss.

Defendant filed its motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." (Motion to Dismiss, doc. # 7 at 1). Under Rule 12(b)(6), the party moving for dismissal has the burden of proving that no claim has been stated in the Complaint. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F. 2d 1406, 1409 (3rd Cir. 1991) (party moving for dismissal must bear burden of persuasions). To survive a motion to dismiss, Plaintiff's Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 12 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). During this review, "[t]he issue is not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); *Brandt v. Bassett*, 69 F. 3rd 1539, 1550 (11th Cir. 1995).

For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept the Plaintiff's factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Fuller v. Johannessen*, 76 F. 3d 347, 349-350 (11th Cir. 1996). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." F.R.Civ.P. 12(d). Defendants bear the burden to plead and prove an affirmative defense, such as judicial estoppel, and such factual defenses are not properly considered on a motion to dismiss. *Jean v.*

*Dorelien*, 431 F.3d 776, 783 (11th Cir. 2005); *Harrison v. Thompson*, 447 F.2d 459, 460 (5th Cir. 1971).

Here the Defendant has moved to dismiss Plaintiff's claims based on an affirmative defense. It asserts a theory of issue preclusion known as judicial estoppel, and relies wholly on matters outside of the Complaint. In fact, Defendant asserts no flaws in the Complaint itself or the allegations therein. Instead, Defendant asserts that this Court should review information filed in the bankruptcy court to make a factual determination as to whether Plaintiff intentionally misled the bankruptcy court and her creditors regarding the value of her estate by intentionally failing to disclose this lawsuit in her bankruptcy filings. A simple review of the five-page factual background demonstrates that this issue is not properly considered on a motion to dismiss, but must be determined based upon factual information submitted outside the pleadings.

Defendant attaches six exhibits to its "Motion to Dismiss" and asks the Court to take judicial notice of the facts asserted therein for purposes of its motion. It cites to no case, however, in which a lawsuit has been dismissed at the pleadings stage based upon a judicial estoppel theory. In fact, the Eleventh Circuit has recently reversed a district court that attempted to do so. *Brown v. Brock*, 169 Fed. Appx. 579, 581 (11th Cir. 2006). As recognized in *Brown*, courts may not take judicial notice of documents in separate judicial proceedings. *Brown*, 169 Fed. Appx. at 581 (holding that a bankruptcy petition may not be judicially noticed); *Concordia v. Bendekovic*, 693 F.2d 1073, 1076 (11th Cir. 1982) ("As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence."). Hence, the Defendant's

30(b)(6) motion should be denied because this issue is not ripe for review in a motion to dismiss.[2]

**2. Judicial Estoppel**

*A. Under Georgia law judicial estoppel has no application to this case.*

Even if the Court were permitted to take judicial notice of an intent to deceive a separate court in a separate proceeding, the facts asserted by the Defendant in this case do not support such a claim.

In a state law case where federal jurisdiction is premised on diversity jurisdiction, the Eleventh Circuit applies state law with respect to judicial estoppel. *Original Appalachian Artworks, Inc. v. S. Diamond Associates*, 44 F.3d 925, 930 (11th Cir. 1995); *Osborn v. Durant Bank & Trust Co.*, 24 F.3d 1199, 1207 & n.11 (10th Cir. 1994); *Thompson v. Quarles*, 392 B.R. 517, 527 (S.D. Ga. 2008). Here the single count of Plaintiff's complaint arises purely under the Georgia Debt Adjustment Act, and the basis for removal of this case is federal diversity jurisdiction under the Class Action Fairness Act because this case was filed as a class action. (Notice of Removal, Doc. 1.) If this case were filed as an individual lawsuit by the Plaintiff, it could only be heard in a Georgia state court. Thus, Georgia law should apply with respect to Defendant's claim for judicial estoppel.

Under Georgia law, the doctrine of judicial estoppel precludes a bankruptcy debtor from pursuing a damages claim that she failed to disclose as an asset in a successful bankruptcy petition.

> [T]he essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a

[2] To the extent the Court reviews the additional documents submitted by the Defendant, Plaintiff requests permission and time to submit affidavits and additional documents in support of her position demonstrating that she had no intent to deceive the Court and has fully disclosed her litigation activities in her bankruptcy case.

> forum provided for suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. The doctrine is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings and is designed to prevent parties from making a mockery of justice through inconsistent pleadings.

*Nat'l Bldg. Maint. Specialists, Inc. v. Hayes*, 288 Ga. App. 25, 27 (2007) (emphasis added).

Applying the doctrine of judicial estoppel, Georgia Courts prohibit "a party from asserting a position in one judicial proceeding after having successfully asserted a contrary position in a prior proceeding." *Period Homes v. Wallick*, 275 Ga. 486, 488 (2002) (emphasis added). The doctrine prevents "debtors from concealing a possible cause of action, asserting the claim following the discharge of the bankruptcy and excluding resources from the bankruptcy estate that might have otherwise satisfied creditors." *Id.*

The doctrine only applies when an asset was never disclosed in a prior bankruptcy matter and the absence of the asset was relied upon to complete the bankruptcy discharges. Georgia Courts have made a clear rule that a party may amend her bankruptcy disclosures to provide notice of the claim to the bankruptcy court and creditors, which precludes the application of the estoppel. In that regard,

> if the debtor initially fails to list the claim as a potential asset but later amends the bankruptcy filing or moves to reopen the bankruptcy proceeding to include the claim, judicial estoppel will not bar a later recovery on the claim. We have previously instructed the bar that "a party like the plaintiff in this case can avoid the application of judicial estoppel simply by filing a motion to amend the debtor's bankruptcy petition or a motion to reopen the debtor's bankruptcy case to declare the omitted claim or cause of action." Indeed, "amending the bankruptcy petition to include the claim, even after the bankruptcy case was closed, precludes judicial estoppel from barring the claim."

*Rowan v. George H. Green Oil*, 257 Ga. App. 774, 776 (2002). This principle is often relied upon by Georgia courts. *See Period Homes v. Wallick*, 275 Ga. 486, 488 (2002); *Jowers v. Arthur,* 245 Ga. App. 68 (2000); *Clark v. Perino*, 235 Ga. App. 444, 446 (1998); *Johnson v.*

*Trust Co. Bank*, 223 Ga. App. 650, 652 (1996) (whole court) ("plaintiff's amended bankruptcy petition and the fact that his bankruptcy case was reopened so as to allow creditors to pursue any claims they might have, negates any conclusion to the contrary. Accordingly, the trial court erred in applying the doctrine of judicial estoppel to bar plaintiff's tort action against defendant.").

This amendment can even take place after receipt of a motion for summary judgment in the tort action based upon a judicial estoppels theory, *Rowan*, 257 Ga. App. At 774, or after the bankruptcy matter is closed. *Jowers*, 245 Ga. App. at 68. This reasoning is supported because "it is the bankruptcy court that primarily is being manipulated in this instance. The creditors lose the potential to recover where such a claim is not listed. Therefore, if the bankruptcy court permits an amendment allowing an omitted tort claim, it stands to reason that the Georgia court in which the tort claim is asserted should honor the bankruptcy court's actions." *Jowers v. Arthur*, 245 Ga. App. 68, 70-71 (2000).

Here the Plaintiff in no way attempted to "manipulate the court system" or make a "mockery of justice through inconsistent pleadings." At the time she filed her bankruptcy petition, the Plaintiff was not aware of the Georgia Debt Adjustment Act, let alone her potential claim against the Defendant. Had she been aware, the Defendant and its co-conspirators would not have duped her into paying fees well in excess of those permitted by Georgia law. Hence, she did not intentionally mislead the court through any sworn pleading. Moreover, upon learning of the claim and her obligation to disclose it to the bankruptcy court, she filed an amended pleading disclosing the fact that she possessed a claim under the debt adjustment act against Solve Debts. It is telling that Defendant did not include this document among the documents it filed with the Court. The amendment in the bankruptcy court was a non-issue in the Solve Debts lawsuit since Plaintiff clearly amended her disclosures.

In the action against Solved Debts, the company refused to participate in discovery and threatened to file bankruptcy. As Defendant states in its brief, the parties in the Solve Debts class action subsequently entered into a settlement agreement, which is contingent upon the approval of the Superior Court. As part of that settlement agreement, the principal of Solve Debts agreed to provide information regarding its relationship with Noteworld. Upon receipt of this information, counsel for the Plaintiff determined that she had a viable cause of action against Noteworld. Bankruptcy counsel was then asked to file another amendment listing a cause of action against Noteworld, which was filed on March 15, 2010, after the contingent settlement agreement was reached and prior to the preliminary class certification by the Superior Court of Richmond County. Counsel then investigated the matter and ultimately filed this lawsuit on July 28, 2010, four months after the cause of action was discovered and disclosed to the bankruptcy court.

The underlying settlement in the Solve Debts class action remains subject to the Superior Court's final approval, which has not yet been given. Meanwhile, Plaintiff has filed a Motion to Approve Settlement with the bankruptcy court. (Attached hereto as Exhibit "A"). At the same time, she has filed a motion to amend the bankruptcy plan based upon her current financial situation, which will include the potential outcome of her litigations against Solve Debts and Noteworld. (Attached hereto as Exhibit "B"). All disclosed assets, including this lawsuit, will be taken into account in determining the new plan for completion of her Chapter 13 bankruptcy. Upon approval by the Bankruptcy Court, the Plaintiff will seek approval of the settlement with Solve Debts in the Superior Court of Richmond County, Georgia.

Nothing in this factual history gives rise to any implication that the Plaintiff "manipulated the court system" or made a "mockery of justice through inconsistent pleadings." It is

abundantly clear that all courts involved in these proceedings will be aware of the related lawsuits and all courts will take these proceedings into account before entering any rulings on the Plaintiff's claims. Finally, even if some delay in disclosing these claims to bankruptcy court could be attributed to the Plaintiff, in compliance with Georgia law, she has amended her bankruptcy schedule to fully inform her creditors and the court of her current financial situation. This is a complete bar to the doctrine of judicial estoppel under Georgia law.

*B. Under federal law, judicial estoppel does not apply here.*

Even if the Court were to apply only federal law, without considering Georgia's clear law on this issue, judicial estoppel should not bar the Plaintiff's claims.[3] The doctrines are largely the same under federal law and Georgia law. The United States Supreme Court explained that the purpose of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001). There, the Court elaborated on the circumstances under which judicial estoppel may apply:

> First, a party's later position must be "clearly inconsistent" with its earlier position. . . . Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled," . . . Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," . . . and thus poses little threat to judicial integrity. . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 750-51, 1815-16 (emphasis added).

---

[3] As made clear in Plaintiff's motion to remand, filed herewith, the only potential basis for asserting jurisdiction over Plaintiff's claims is diversity jurisdiction under CAFA. Had Plaintiff filed an individual lawsuit against the Defendant, this matter would clearly remain under the jurisdiction of the Georgia Superior Court. It would truly be a bizarre outcome if a Plaintiff who has a viable state law claim (not barred by judicial estoppel), was subsequently barred from bringing her claim by a federal court simply because she sought relief on behalf of other aggrieved Georgia residents.

As set forth above, here the Plaintiff's positions were not inconsistent since she did not know about her Debt Adjustment Act claim at the time of filing her bankruptcy petition. Further, it is clear that the integrity of the judicial process is not in jeopardy, and there is no threat of a perception that the Court has been mislead in any case involving the Plaintiff. Finally, Plaintiff will obtain no unfair advantage as her involvement in the class actions will be fully considered by the court in establishing her bankruptcy plan. *See Strauss v. Rent-A-Center, Inc.*, 192 Fed. Appx. 821, 823 (11th Cir. Fla. 2006) (reversing trial court's summary judgment on judicial estoppel grounds where the nondisclosure of plaintiff's employment action on her Chapter 13 petition was not "shown to have been calculated to make a mockery of the judicial system" and she was not successful in "persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled.").

The Eleventh Circuit has explained that "[w]hen considering a party's motive and intent and whether it justifies applying judicial estoppel, we require that the intent be 'cold manipulation and not an unthinking or confused blunder . . . .' (Cit.) 'The doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence..' (Cit.) " *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275 (11th Cir. 2010). Here Defendant's motion to dismiss has shown no manipulative intent whatsoever, let alone "cold manipulation." Rather, the pleadings in her bankruptcy case show that Plaintiff disclosed her claim against the Defendant to the bankruptcy court upon learning of its viability and prior to filing this lawsuit. To the extent Plaintiff's disclosures are tardy, it is simply because she relies upon her attorneys to make decisions as to the viability of the lawsuits and the filing of amended schedules with the courts. *Compare Ajaka v. BrooksAmerica Mortg. Corp.*, 453 F.3d 1339, 1346

(11th Cir. 2006) (reversing summary judgment based on judicial estoppel when bankruptcy attorney amended the schedule to reflect the claim approximately three months after being advised to do so and less than two months after the lawsuit was filed in which it was first asserted). This case is far clearer than the *Ajaka* case because the Plaintiff here amended her bankruptcy disclosures through counsel four months prior to filing this lawsuit.

**CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss because (1) it is not ripe for review on a motion to dismiss and (2) the bankruptcy pleadings relied upon by the Defendant demonstrate that Plaintiff has fulfilled her obligations to the bankruptcy court in disclosing her potential claims against the Defendant.

This 1st day of October, 2010.

*/s/ Christopher A. Cosper*
CHRISTOPER A. COSPER
Georgia Bar No. 142020
*Attorney for Plaintiff*

OF COUNSEL:

Hull Barrett, PC
Post Office Box 1564
Augusta, GA 30903-1564
(706) 722-4481

CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This 1st day of October, 2010.

*/s/ Christopher A. Cosper*
CHRISTOPER A. COSPER
Georgia Bar No. 142020
*Attorney for Plaintiff*

OF COUNSEL:
Hull Barrett, PC
Post Office Box 1564
Augusta, GA 30903-1564
(706) 722-4481