IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DIANNE MOREFIELD, on behalf of herself and all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:10-cv-00117 |
| NOTEWORLD, LLC d/b/a NOTEWORLD SERVICING CENTER, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STAY DISCOVERY,**
**WITH INCLUDED MEMORANDUM OF LAW**

Defendant NoteWorld LLC ("NoteWorld") respectfully moves to stay all discovery (a) pending a ruling on NoteWorld's "Motion to Dismiss Based on Judicial Estoppel," on the ground that discovery would be unnecessary if the Motion to Dismiss is granted; and (b) pending the resolution of any effort to add an additional class representative, on the ground that class certification discovery would be premature and wasteful if another named plaintiff is added.

## I. INTRODUCTION

NoteWorld's Motion to Dismiss seeks the dismissal of this action pursuant to the doctrine of judicial estoppel. It rests entirely on statements and filings in two related actions instituted by Plaintiff – her personal Chapter 13 bankruptcy action (in which she failed timely to disclose her claims against NoteWorld and others) and a state court action in which Plaintiff seeks to assert class claims against Solve Debts, Inc. and Nationwide, Inc. *See* Mot. to Dismiss [Dkt. No. 7]. Plaintiff does not and could not claim to need discovery to address NoteWorld's Motion, which focuses entirely on Plaintiff's own litigation conduct.

The briefing on NoteWorld's Motion to Dismiss closed on October 18, 2010. Given the pendency of NoteWorld's Motion, NoteWorld urged Plaintiff to agree to stay all discovery, which would be unnecessary if NoteWorld's Motion to Dismiss were granted. Plaintiff did not agree but instead served discovery on November 18, necessitating the filing of this motion.[1]

During the parties' discussions, Plaintiff's counsel also stated that another putative class representative may be added. The possibility of an additional named plaintiff is a further reason to stay discovery now, as it would be inefficient to proceed with class certification discovery until all of the class representatives have been identified. Indeed, NoteWorld may have a basis for moving to dismiss the claims of any new plaintiff as well, assuming one is identified. Accordingly, discovery should be stayed until after all putative class representatives have been identified and the Court has determined whether any additional named plaintiffs will be added.[2]

## II. ARGUMENT AND CITATION OF AUTHORITY

The Federal Rules give this Court broad authority over discovery matters:

> Upon motion by a party . . . the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had . . . .

Fed. R. Civ. P. 26(c). Under the facts of this case, this Court should exercise its discretion to stay all discovery pending resolution of NoteWorld's Motion to Dismiss and until after the issue of potential joinder of any additional named plaintiffs has been resolved.

---

[1] The Court's recent Scheduling Order [Dkt. No. 22] likewise contemplated NoteWorld moving to stay discovery pending resolution of its Motion to Dismiss. *See* Scheduling Order, at 1 n.2.

[2] Although NoteWorld agreed additional plaintiffs could be added in an ***individual*** capacity if class certification were denied (*see* Scheduling Order, at 2 n.4), it did not agree to *seriatim* identification of putative class representatives, which potentially would give rise to duplicative and inefficient class certification discovery efforts.

At present, Plaintiff is the only named representative of the putative class. NoteWorld has sought the dismissal of all her claims pursuant to judicial estoppel. If NoteWorld's Motion is granted and Plaintiff's claims are dismissed, this action will be terminated in its entirety. In these circumstances, the Eleventh Circuit and other Courts of Appeals repeatedly have affirmed orders staying discovery pending disposition of the motion. *See, e.g.*, *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (no abuse of discretion to stay discovery pending rulings on defendant's potentially dispositive pretrial motion); *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975-76 (11th Cir. 1985) (proper exercise of discretion to cancel deposition pending ruling on motion to dismiss); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("no possible abuse of discretion" to stay general discovery pending disposition of dispositive motion); *Petrus v. Brown*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Sprague v. Brook*, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (collecting cases); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982) ("discovery should not be allowed" until threshold issue of qualified immunity is resolved).

In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), the Eleventh Circuit tilted the balance heavily in favor of issuing a stay where, as here, a party has filed a motion to dismiss for failure to state a claim. In *Chudasama*, a products liability defendant filed a motion to dismiss the plaintiff's fraud count. The district court did not rule on the motion to dismiss; allowed discovery to proceed; and eventually granted a default judgment against the defendant for alleged discovery abuse. *Id.* at 1356-65.

The Eleventh Circuit reversed based upon, *inter alia*, the district court's failure to rule upon the defendant's motion to dismiss before allowing discovery:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.
>
> * * *
>
> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial process with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.* at 1367-68 (citations and footnotes omitted).

The *Chudasama* case is directly on point and fully supports a stay of discovery pending resolution of NoteWorld's Motion to Dismiss. The Motion raises purely legal issues and relies on undisputed facts, and Plaintiff has made no claim that discovery is needed to respond to the Motion. Engaging in discovery now would "impose[] unnecessary costs" and "waste the resources of the litigants." *See id.* at 1368. Accordingly, all discovery should be stayed. *Id.*; *see also United States v. Real Property Known as 1111 Wilma Ave., Savannah, Ga.*, No. CV409-052, 2009 WL 1834149, at *1 (S.D. Ga. June 25, 2009) (following *Chudasama* and granting a stay of discovery pending determination of a motion to dismiss, further noting that "courts in this circuit have granted such motions to stay where the 'resolution of the pending motion to dismiss may extinguish some or all of the claims ….'") (citing *White v. Georgia*, No. 1:07-cv-01739-WSD, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007)).

Discovery also should be stayed until the issue of potential joinder of an additional named plaintiff has been resolved. Assuming Plaintiff moves for leave to add an additional class representative, NoteWorld may resist the amendment on grounds of futility, or otherwise move to dismiss the claims of the new plaintiff. If NoteWorld succeeds in these efforts, then no discovery will be necessary. Conversely, if a new named representative successfully is added and NoteWorld's Motion to Dismiss Ms. Morefield's claims is denied, NoteWorld will need to conduct class certification discovery with respect to both named plaintiffs. In these circumstances, it makes no sense to commence class certification discovery now, when the universe of representative plaintiffs for the putative class is not even known.

## III. CONCLUSION

For the foregoing reasons, this Court should stay all discovery pending the resolution of (a) NoteWorld's Motion to Dismiss and (b) the potential joinder of an additional named plaintiff as a putative class representative.

Respectfully submitted, this 30th day of November, 2010.

s/ C. Allen Garrett Jr.

Laurel Payne Landon
Georgia Bar No. 718407
Joseph H. Huff
Georgia Bar No. 374935
KILPATRICK STOCKTON LLP
699 Broad Street, Suite 1400
Augusta, Georgia 30901-1453
Telephone: (706) 724-2622
Facsimile: (706) 722-0219
llandon@kilpatrickstockton.com
jhuff@kilpatrickstockton.com

C. Allen Garrett Jr.
Georgia Bar No. 286335
Aaron J. Ross
Georgia Bar No. 461981
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
agarrett@kilpatrickstockton.com
aross@kilpatrickstockton.com

*Attorneys for Defendant NoteWorld LLC d/b/a NoteWorld Servicing Center*

## CERTIFICATE OF SERVICE

This is to certify that, on this date, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following counsel of record:

David E. Hudson
Christopher A. Cosper
HULL BARRETT, PC
Post Office Box 1564
Augusta, Georgia 30903-1564

Angela McElroy-Magruder
CLAEYS McELROY-MAGRUDER & ASSOCIATES
512 Telfair Street
Augusta, Georgia 30901

This 30th day of November, 2010.

s/ C. Allen Garrett Jr.
C. Allen Garrett Jr.
Georgia Bar No. 286335

*One of the Attorneys for Defendant*